# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            No. CR 04-1865 JB

CAMILO MONTALVO-PADILLA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to Presentence Report, filed January 4, 2005 (Doc. 17). The primary issue is whether Defendant Camilo Montalvo-Padilla's Pre-Sentence Report ("PSR") accurately states his criminal history and dates of deportation. Because the Court concludes that there is sufficient evidence to support the PSR's statement of Montalvo-Padilla's criminal history and dates of deportation, the Court will overrule his objection and make the PSR its factual findings.

## BACKGROUND

Paragraphs 6, 18, 19, 20, and 25 of the PSR state:

### Acceptance of Responsibility

6.      On October 22, 2004, the defendant through counsel provided the following statement of responsibility to the United States Probation Office:

> My name is Camilo Montalvo-Padilla. I was found in the United States after having been deported on or about April 12, 2002. I had not obtained consent of the United States Attorney General or his successor, the Secretary for Homeland Security, for re-entry.

\* \* \* \*

| | Date of Arrest | Conviction/ Court | Date Sentenced/ Disposition | Guideline Section | Point |
|---|---|---|---|---|---|
| 18. | 01-28-97 (Age 26) | Count I: Sell/Transport/ Offer to Sell Controlled Substance Count II: Possession for Sale of Cocaine Base Count III: Possession for Sale of a Controlled Substance; Long Beach Superior Court, Los Angeles, California; Case No. NA031284 | 02-21-97: Guilty to Count I; Counts II & III Dismissed; Sentenced to 180 Days Jail and 3 Years Probation 04-04-97: Probation Commenced, Deported to the Republic of Mexico via El Paso, Texas 09-19-97: Probation Revoked, Bench Warrant Issued 12-14-98: Case Closed | 4A1.1(b) | 2 |

The defendant was represented by counsel. According to court documentation, the defendant was stopped for a minor traffic violation by a Long Beach Police Department officer. The officer asked the defendant if he had any drug [sic] in the vehicle and the defendant admitted he had drugs in his shoe. Once the defendant was searched, police discovered a large plastic bag containing ten small baggies of cocaine (4.09 grams of cocaine) and four b[u]ndles containing rock cocaine (1.19 grams). The defendant provided a post-arrest statement to police stating he was selling the baggies of cocaine for $10 each. On September 19, 1997, the defendant's probation was revoked after his arrest on September 16, 1997, for Possession of Cocaine Base for Sale in case no. NA033963. A police report is available for this arrest.

| 19. | 09-16-97 (Age 27) | Possession of Cocaine Base for Sale; Long Beach Superior Court, Los Angeles, California; Case No. 033963 | <u>12-04-97:</u> Guilty; Sentenced to 5 years Imprisonment <u>07-18-00:</u> Paroled to INS Detainer <u>12-12-00:</u> Parole Expired | 4A1.1(a) | <u>3</u> |

The defendant was represented by counsel. According to court documentation, officers with the Long Beach Police Department observed a subject attempting to make a drug buy near the window of the defendant's home. Officers were allowed to enter the residence and after a brief search found a baggie of off-white substance and a note pad with names and numbers by the window of the residence. Officers discovered that the defendant had been selling cocaine from the window of the residence facing the alley. Also arrested was co-defendant, Jesus Artiaga Montalbo, who cooperated with the officers and admitted he and the defendant had been selling cocaine from the window of their residence to make money to buy food. The total amount of cocaine base found in the defendant's home was 1.91 grams. A police report is available for this arrest.

| 20. | 07-18-00 (Age 29) | Count I: Illegal Entry By an Alien (Misdemeanor) Count II: Illegal Entry by an Alien (Felony); United States District Court, Eastern District of California; Fresno, California; Case No. 1:00CR05273-001 | <u>08-25-00:</u> Guilty on both Counts; As to Count I-Sentenced to 6 Months Imprisonment, As to Count II- 24 Months Imprisonment (Both Counts to Run Concurrent), 12 Months TSR, $110 SPA <u>04-12-02:</u> Supervised Release Commenced, Deported via El Paso, Texas <u>04-12-03:</u> Supervised Release Expired | 4A1.1(a) | <u>3</u> |

The defendant was represented by counsel. According to court documentation, INS placed a detainer on the defendant while he was imprisoned at the Avenal State Prison in Avenal, California. At the time the detainer was placed, the defendant was serving a five year sentence for State of California case no. NA033963. No further information was available for this arrest.

* * * *

25.     Mr. Montalvo-Padilla reported he was born in Cuidad de Mexico, Distrito Federal, Mexico, but was raised in Sombrerete, Zacatecas, Mexico. He reported he first entered the United States when he was 14 years old in 1984, and settled in Dallas, Texas. He remained there for three years until returning back to the Republic of Mexico in 1987. In 1990, he returned to the United States and lived and worked in Norman, Oklahoma, for approximately two years. In 1992, he returned to the Republic of Mexico, where he remained for the next four years. Mr. Montalvo-Padilla reported that in 1996, when he was 26 years old, he returned to the United States and lived in Los Angeles, California, until his arrest in 1997. Mr. Montalvo-Padilla reported he was then incarcerated in the State of California from 1997 to 2002. After his deportation on April 12, 2002, he reported briefly returning to Zacatecas, Mexico, to search for his family. After not finding his wife and children, he then moved to Puerto Palomas, Chihuahua, Mexico, where he continued living until his arrest in the instant offense. Mr. Montalvo-Padilla denied living anywhere else within in the United States.

PSR ¶¶ 6, 18, 19, 20, and 25, at 3, 5-6, 7-8.

As the PSR indicates in paragraphs 18 and 19, Montalvo-Padilla was convicted twice of drug trafficking offenses. Montalvo-Padilla was convicted on February 21, 1997, of trafficking controlled substances. The United States does not have a copy of the Judgment and Sentence for the first drug trafficking conviction, and consequently, Montalvo-Padilla did not receive it with the discovery. The United States contends, however, that the United States Probation Office is capable of proving the conviction listed in paragraph 18. Probation provided the Court a copy of the Felony Complaint, see California v. Artiaga, No. NA031284, Felony Complaint, executed January 31, 1997 (Long Beach Judicial District, County of Los Angeles, State of California), attached as Clerk's Exhibit A, and a

printout from the Long Beach Superior Court electronic docket, indicating that the court convicted Montalvo-Padilla for Count I, Sell/Transport/Offer to Sell Controlled Substance, and dismissed Counts II and III, see Electronic Docket on February 21, 1997 at 1-2 (Superior Court of L.A., South Judicial District, County of Los Angles, State of California), attached as Clerk's Exhibit B. This documentation shows that Montalvo-Padilla was convicted on February 21, 1997, for Sell/Transport/Offer to Sell Controlled Substance (Cocaine), Case No. NA031284 and sentenced to 180 days jail with three years probation. Montalvo-Padilla was convicted under the alias name, David Artiaga; however, the FBI's Finger Print Center verified this arrest and conviction as belonging to Montalvo-Padilla. Probation also notes that, during the PSR interview, Montalvo-Padilla advised that he has used the alias, David Artiaga, in the past. Montalvo-Padilla's National Crime Information Center ("NCIC") record also lists this arrest and conviction. The PSR and a Border Patrol report, which were given to Montalvo-Padilla, corroborates this first drug trafficking conviction.

It was because of this February, 1997, drug trafficking conviction that Montalvo-Padilla was first deported on April 4, 1997. See PSR ¶ 18, at 5. According to information that Immigration and Customs Enforcement provided Probation, the United States deported Montalvo-Padilla to the Republic of Mexico. See El Paso Border Patrol Sector, Sector Prosecutions Unit, Record of Deportation at 1 (printed January 5, 2005), attached as Clerk's Exhibit C. Documentation of this deportation was provided to Montalvo-Padilla as discovery.

Given that he was deported on April 4, 1997, and subsequently arrested in California, Montalvo-Padilla must have reentered the United States.

Paragraphs 18 and 19 of the PSR state that Montalvo-Padilla was arrested for Possession of Cocaine Base for Sale on September 16, 1997. Furthermore, paragraph 18 states that, because of

-5-

this arrest, Montalvo-Padilla's probation from the February, 1997, arrest was revoked.  Paragraph 19 of the PSR addresses Montalvo-Padilla's conviction for Possession of Cocaine Base for Sale on December 4, 1997, in Long Beach Superior Court, Case No. NA033963, for which he was sentenced to five years.

On July 18, 2000, Montalvo-Padilla was released on parole to federal custody on an Immigration and Naturalization Service ("INS") detainer and was then charged with Illegal Entry by an Alien, United States District Court, Eastern District of California, Case No. 1:00CR05273-001.  The PSR indicates that Montalvo-Padilla pled guilty and was convicted on August 25, 2000, for Illegal Entry by an Alien.  Specifically, he was convicted of two counts of 8 U.S.C. § 1325, the first count being a Class B Misdemeanor and the second count a Class E Felony.  The Eastern District of California District Court sentenced him to 24 months imprisonment and a 12 month term of supervised release.  The FBI's Finger Print Center has verified his August 25, 2000 conviction for Illegal Entry by an Alien, and the NCIC lists this conviction on his record.

On April 12, 2002, the United States deported Montalvo-Padilla to the Republic of Mexico via El Paso, Texas.  Documentation proving the April 12, 2002 deportation was provided to Montalvo-Padilla.  Montalvo-Padilla must have reentered the United States after being deported because Border Patrol agents found Montalvo-Padilla in the state of New Mexico on July 13, 2004.

Montalvo-Padilla admitted to the conviction for Possession of Cocaine Base for Sale when he pled guilty, because the Information in this case, to which he pled, alleged that the United States deported him subsequent to this conviction.  Moreover, Paragraph 25 evidences that he also admitted a conviction in 1997 to the United States Probation Officer.

Montalvo-Padilla pled guilty to an Information charging him with a violation of 8 U.S.C. §

-6-

1326(a)(1), (2), and (b)(2).  The United States provided Montalvo-Padilla a copy of the August 25, 2000 Judgment and Sentence when it initially extended the plea offer.  By pleading guilty, he admitted to having reentered the United States subsequent to being deported on April 12, 2002.  The PSR also states in paragraph 6 that Montalvo-Padilla provided a statement of responsibility to Probation on October 22, 2004.  In his statement, Montalvo-Padilla said: "My name is Camilo Montalvo-Padilla. I was found in the United States after having been deported on or about April 12, 2002.  I had not obtained consent of the United States Attorney General or his successor, the Secretary of Homeland Security, for re-entry."  PSR ¶ 6, at 3.

The United States has not submitted any objections to the PSR.  On January 4, 2005, Montalvo-Padilla filed formal objections to the PSR.  Probation received the formal objection the next day.

Montalvo-Padilla states that he was not previously convicted of Illegal Re-Entry in the year 2000.  Montalvo-Padilla maintains there is nothing in the criminal history that indicates he re-entered the country after he was deported.  Montalvo-Padilla's counsel, however, does not view the report as convoluted or inconsistent as Montalvo-Padilla.

Montalvo-Padilla also insists that he was not convicted of all the drug crimes indicated in paragraph 18 of the report.  Montalvo-Padilla asks the Court for appropriate reductions in his sentence.

## ANALYSIS

### 1.    Objection 1.

Montalvo-Padilla states that he was not previously convicted of Illegal Re-entry in the year

of 2000.[1]  Montalvo-Padilla has been provided, however, with a copy of his August 25, 2000 conviction and judgment.  Probation also provided the Court with a copy of the Indictment, as well as the Judgment, which indicates that Montalvo-Padilla pled guilty to and was convicted of two counts of Illegal Entry.  See United States v. Montalvo-Padilla, No. 1:00CR005273-001, Indictment, filed July 20, 2000; United States v. Montalvo-Padilla, No. 1:00CR005273-001, Judgment, filed September 18, 2000 (E.D. Cal.).[2]  The Court will thus overrule this objection.

Montalvo-Padilla also maintains that there is nothing in the criminal history cited in the PSR which indicates he reentered the country after having been deported.  But there is sufficient evidence that the United States deported Montalvo-Padilla twice.  First, the United States deported him on April 4, 1997, and documentation from Immigration and Customs Enforcement corroborates this deportation.  Documentation of this deportation has been provided to Montalvo-Padilla.  Second, the United States deported Montalvo-Padilla on April 12, 2002.  Documentation of this deportation has also been provided to Montalvo-Padilla.

A review of the history and documentation shows that Montalvo-Padilla was deported in 1997 after his arrest and conviction for Sell/Transport/Offer to Sell Controlled Substance, and, upon returning to the United States, was arrested and convicted for Possession of Cocaine Base for Sale.  Montalvo-Padilla was then in continuous custody from September 16, 1997 until 2002, but some of

---

[1] The Court notes that the 2000 conviction is for Illegal Entry under § 1325(a)(1), as opposed to Illegal Re-Entry.

[2] At the sentencing hearing, Montalvo-Padilla's counsel withdrew this objection after reviewing the Indictment and Judgment for this conviction that the probation office provided.  See Transcript of Hearing at 6:14-23.

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

that time was in state custody and some in federal custody.  On July 18, 2000, he was released from state custody to federal custody on an INS detainer.  Paragraph 18 of the PSR thus correctly corroborates when he was in custody and when he was deported.  The Court will overrule this objection.

    2.    **Objection 2.**

Montalvo-Padilla objects to paragraph 18 on page 5 of the PSR, which indicates that the United States deported him.  Montalvo-Padilla's counsel further notes that "the flowing manner in which Probation wrote the report might be misconstrued as meaning that the deportation occurred on 09-19-97."[3]  Montalvo-Padilla's counsel further notes that, at that time, Montalvo-Padilla had already begun five-year period of imprisonment, from September 16, 1997 until 2000 in state custody and from 2000 until 2002 in the federal system.  Montalvo-Padilla therefore contends that he was not deported from the United States on September 19, 1997.

Paragraph 18 on page 5 of the PSR is accurate.  Within paragraph 18, the report notes that Montalvo-Padilla was deported to the Republic of Mexico via El Paso, Texas on April 4, 1997.  Probation supplied the Court a copy of the El Paso Border Patrol records indicating that Montalvo-Padilla, under the alias David Artiaga-Padilla, was deported on April 4, 1997.  See El Paso Border Patrol Record of Deportation at 1.  There is no language in paragraph 18 of the PSR that indicates

---

[3] At the sentencing hearing, counsel for Montalvo-Padilla, James Bierly, explained that he filed this objection on behalf of his client after his first reading of the PSR, in which he saw an inconsistency in paragraph 18.  See Transcript of Hearing at 4:3-18.  According to Mr. Bierly, because there is no semicolon between the fact of deportation and the date of September 19, 1997, the PSR could be read to state that the United States deported Montalvo-Padilla on September 19, 1997, as opposed to April 4, 1997.  See id.  Bierly conceded, however, that after examining the PSR more thoroughly, a more accurate reading of the PSR is that it lists the date of Montalvo-Padilla's deportation as April 4, 1997.  See id.

the United States deported Montalvo-Padilla on or about September 19, 1997; rather, the paragraph states that Montalvo-Padilla's deportation occurred on April 4, 1997. Montalvo-Padilla's assertion that the report notes September 19, 1997 as his deportation date is thus incorrect. Instead, paragraph 18 notes that, on September 19, 1997, Montalvo-Padilla's probation for Case No. NA031284 was revoked as a result of his arrest on September 16, 1997, for Possession of Cocaine Base for Sale in Case No. NA033963.

The Court will overrule this objection.

**3.** **Objection 3.**

Montalvo-Padilla also insists that he was not convicted of "all the drug crimes" listed in paragraph 18 of the PSR and asks the Court for appropriate reductions in his sentence.[4] The PSR, however, correctly details Montalvo-Padilla's criminal history. Probation provided the Court a copy of the Felony Complaint, see California v. Artiaga, No. NA031284, Felony Complaint, and a printout from the Long Beach Superior Court electronic docket, indicating that the court convicted Montalvo-Padilla for Count I, Sell/Transport/Offer to Sell Controlled Substance, and dismissed Counts II and III, see Electronic Docket on February 21, 1997 at 1-2. Probation has therefore provided sufficient evidence to support the February 21, 1997, drug trafficking conviction.

**IT IS ORDERED** that the Defendant's Objection to Presentence Report is overruled and the Court declines to grant his request for a reduction in his sentence.

_____
UNITED STATES DISTRICT JUDGE

---

[4] At the sentencing hearing, Montalvo-Padilla's counsel withdrew this objection after reviewing the Felony Complaint and the electronic docket sheet. See Transcript of Hearing 7:8-22.

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
James D. Tierney
Sharon Kimball
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

James E. Bierley
Albuquerque, New Mexico

   *Attorney for the Defendant*